\*\*Original filed 4/16/07\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID GARCIA | ) | No. C 06-4078 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| OFFICER WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 alleging claims of excessive force and state law tort claims of assault, battery and negligence. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The Court will order service of the complaint on the named Defendants.

**BACKGROUND**

Plaintiff alleges that on June 4, 2006, he was driving a vehicle and being pursued by two Palo Alto Police Officers, Defendants Williams and Clayton. Plaintiff exited the vehicle and ran for safety. Plaintiff was concerned for his well being based on past incidents regarding the use of excessive force by East Palo Alto Police Officers. Plaintiff tried to jump a fence but was unsuccessful. At that point, Plaintiff decided to surrender to the officers. Both Officers

reached Plaintiff at the same time and threw him to the ground without provocation.

While Plaintiff was on the ground, both officers simultaneously punched Plaintiff in the head and shoulder. One of the officers forcefully kneed Plaintiff in the back while handcuffing Plaintiff, while the other officer stood by and took no action. As Plaintiff was being handcuffed and lying face down on the ground, one of the officers continued to punch him.

Plaintiff was grabbed by his hair and arms and walked to the police car. Once they arrived at the police car, the officers began to search Plaintiff. At that point, Plaintiff spit out particles of dirt in his mouth. Officer Williams hit Plaintiff in the nose with his closed fist, knocking Plaintiff to the ground. Plaintiff was unconscious.

Plaintiff was taken to a police substation and then to San Mateo County General Hospital where he was treated and released. Thereafter, Plaintiff was booked into the San Mateo County Jail and charged with car theft and misdemeanor assault charges. Plaintiff alleges that he continues to suffer from severe headaches and numbness in his right hand. He has problems sleeping and has flashbacks to the June 4, 2006 incident.

Plaintiff names the following Defendants in his complaint: East Palo Alto Police Officer Williams, East Palo Alto Police Officer Clayton; Ronald L. Davis, East Palo Alto Police Chief; the City of East Palo Alto; the County of San Mateo, and Does 1-10. Plaintiff maintains that Defendant Williams and Clayton used excessive force and brutally assaulted him. Plaintiff alleges that Police Chief Davis failed to properly train and supervise Defendants Williams and Clayton and that this failure was a direct cause of his injuries. Plaintiff maintains that the City of East Palo Alto and the County of San Mateo operate governmental policies and procedures of the East Palo Alto Police Department which violated his constitutional rights. Plaintiff seeks monetary damages.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

1  that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
2  monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro
3  se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699
4  (9th Cir. 1990).
5        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under
6  the color of state law committed a violation of a right secured by the Constitution or laws of the
7  United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  To state a claim a plaintiff must show a
8  specific constitutional or federal guarantee safeguarding the interests that have been invaded.
9  See Paul v. Davis, 424 U.S. 693, 697 (1976).
10 B.    Plaintiff's Claims
11     **1.    Excessive Force**
12       The use of excessive force by a law enforcement officer in effectuating an arrest states a
13 valid claim under 42 U.S.C. § 1983.  See Graham v. Connor, 490 U.S. 386, 394-95 (1989).
14 Determining whether the force used to effect a particular seizure is reasonable requires a careful
15 balancing of the nature and quality of the intrusion on the individual's Fourth Amendment
16 interests against the countervailing governmental interests at stake.  Id. at 396.  Because the
17 reasonableness test is not capable of precise definition or mechanical application, its proper
18 application requires careful attention to the facts and circumstances of each particular case,
19 including the severity of the crime at issue, whether the suspect poses an immediate threat to the
20 safety of the officers or others, and whether he is actively resisting arrest or attempting to evade
21 arrest by flight.  Id.  These factors are not exclusive, however, and the totality of the particular
22 circumstances of each case must be considered.  See Fikes v. Cleghorn, 47 F.3d 1011, 1014 (9th
23 Cir. 1995).  This analysis also applies where there has not been a formal arrest, but there has
24 been a "seizure" within the meaning of the Fourth Amendment, i.e., the suspect reasonably
25 believes he is not free to leave.  Robinson v. Solano, 278 F.3d 1007, 1013-14 (9th Cir. 2002) (en
26 banc).  Police officers may also be held liable if they have an opportunity to intercede when their
27 fellow officers violate the constitutional rights of a plaintiff but fail to do so.  See Cunningham v.
28 Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

Order of Service
P:\pro-se\sj.jf\cr.06\Garcia078srv       3

1  Liberally construed, Plaintiff has alleged a cognizable claim of excessive force against
2  the named Defendants. The Court will order service of this claim.

### 2. State Law Claims

Plaintiff alleges state law tort claims of assault, battery and negligence. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a).

Liberally construed, Plaintiff's allegations satisfy the statutory requirement. Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

### 3. Named Defendants

Plaintiff alleges that Defendant Does 1-10 failed to take action to prevent the acts of the named Defendants. Plaintiff submits that Does 1-10 will later be identified through discovery. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

In order to proceed with a claim against the individual "Doe" Defendants, Plaintiff must identify them through discovery and, if successful, seek leave to amend his complaint to name them (along with addresses) and set forth specific facts as to how each individual defendant violated his rights. See Wakefield v Thompson, 177 F.3d 1160, 1163 (9th Cir 1999). Plaintiff will be afforded ninety (90) days from the date of this order to identify all unknown Defendants. Any unknown Defendant not identified within the designated time will be dismissed from this action. Plaintiff is reminded that he alone is responsible for all discovery.

1 The Court will not conduct discovery for a party.

## CONCLUSION

1. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), and copies of this order on Defendants East Palo Alto Police Officer Williams, East Palo Alto Police Officer Clayton; Ronald L. Davis, East Palo Alto Police Chief; the City of East Palo Alto; and the County of San Mateo.  The Clerk shall also serve a copy of this order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

  a. No later than **sixty (60) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion, or shall notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

  All papers filed with the Court shall be promptly served on Plaintiff.

  b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint

> says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end his case, albeit without prejudice. Plaintiff must "develop a record" and present it in his opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

       c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

       d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    3. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendants' counsel.

\\\

\\\

1    4.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
2 and the parties informed of any change of address and must comply with the Court's orders in a
3 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
4 pursuant to Federal Rule of Civil Procedure 41(b).

5    5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
6 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
7 required before the parties may conduct discovery.

8    IT IS SO ORDERED.
9  DATED:  4/16/07

   JEREMY FOGEL
10                                                          United States District Judge

Order of Service
P:\pro-se\sj.jf\cr.06\Garcia078srv                7

1   A copy of this ruling was mailed to the following:

2

3   David Garcia
    117458
    San Mateo County Jail
4   300 Bradford Street
    Redwood City, CA  94063
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28